**W. Wistar COMFORT, Plaintiff–Appellant,**

v.

**HEALTH NET OF THE NORTHEAST, INC., f/k/a Physicians Health Services, Inc., Defendant–Appellee.**

No. 02–9243.

United States Court of Appeals, Second Circuit.

July 28, 2003.

Kathryn Calibey, RisCassi & Davis, P.C., Hartford, CT, for Plaintiff–Appellant.

Theodore J. Tucci (Linda L. Morkan, Michael J. Kolosky on the brief) Robinson & Cole LLP, New York, NY, for Defendant–Appellee.

**50**

Present: CALABRESI, RAGGI, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and **REMANDED** for further proceedings.

On December 19, 2001, W. Wistar Comfort filed a lawsuit in Connecticut Superior Court against his health maintenance organization, Health Net of the Northeast, Inc. (Health Net), asserting state-law claims for medical negligence and for violation of the Connecticut Unfair Trade Practices Act (CUTPA). On January 17, 2002, Health Net removed the case to the United States District Court for the District of Connecticut on the ground that Comfort's claims are completely preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* Health Net then moved under Fed. R.Civ.P. 12(b)(6) to dismiss the claims as substantively preempted by section 514(a) of ERISA. In an order dated September 10, 2002, the District Court (Squatrito, *J.*) granted the motion to dismiss, while allowing Comfort to re-file his complaint within 21 days to allege violations of ERISA.

The district court's decision, as well as the complaint and the other pleadings in this case, were crafted before this court's decision in *Cicio v. Does*, 321 F.3d 83 (2d Cir.2003), which seemingly has changed the framework governing ERISA preemption. We therefore vacate the 12(b)(6) dismissal and remand the case to the district court to consider, *inter alia*, in light of *Cicio*, a) whether the district court possesses subject matter jurisdiction over Comfort's claims based on complete preemption, and b) if there is jurisdiction over any claim, whether that claim should be dismissed as substantively preempted.

The court may also consider whether to grant Comfort leave to amend his complaint under Fed.R.Civ.P. 15(a) in light of *Cicio*.

We therefore VACATE the district court's order and REMAND for further proceedings.